```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     AT CHARLESTON
```

PAULINE HALL
individually and as
EXECUTRIX OF THE ESTATE OF
DONALD B. HALL

v.                                  Civil Action No. 2:10-0842

BEVERLY ENTERPRISES - WEST VIRGINIA, INC.
doing business as GOLDEN LIVING CENTER - GLASGOW and
BEVERLY ENTERPRISES, INC. and
FILLMORE CAPITAL PARTNERS, LLC and
BEVERLY HEALTH AND REHABILITATION SERVICES, INC. and
GOLDEN GATE NATIONAL SENIOR CARE, LLC and
GGNSC HOLDINGS, LLC and
GGNSC CLINICAL SERVICES, LLC and
GPH ST. ALBANS, LLC and
MICHAEL HERALD and
Individually and as Administrator of
Golden LivingCenter-Glasgow
JOHN DOES 1 THOUGH 10 and
UNIDENTIFIED ENTITIES 1 THROUGH 10

            Defendants


## MEMORANDUM OPINION AND ORDER


Pending are plaintiffs' motion to remand and amended motion to remand filed respectively on July 8 and July 21, 2010, and the motion to dismiss for lack of personal jurisdiction filed June 25, 2010, by defendant Fillmore Capital Partners, LLC.

On June 18, 2010, defendants removed asserting that they were citizens of states other than West Virginia,

plaintiffs' state of residency, and that the parties were, consequently, completely diverse.  It was additionally noted that defendant Jason Gibson, named in the original complaint upon which removal was based but not in the First Amended Complaint filed July 13, 2010, is a West Virginia citizen but was fraudulently joined in order to defeat removal.  It is undisputed that the requisite amount in controversy is satisfied.

In their remand briefing, plaintiffs contended that subject matter jurisdiction was lacking inasmuch as defendant Gibson was not fraudulently joined.  On October 5, 2010, the parties filed their "Joint Stipulation," which provides, inter alia, as follows:

1. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties stipulate to the dismissal of Plaintiff's First Amended Complaint . . . .

2. The parties further stipulate that subsequent to filing her original Complaint, Plaintiff learned that Defendant Jason Gibson was not the administrator of the facility where the decedent resided and, thus, was not a proper party to this action.  The parties agree that no colorable claim against Defendant Gibson existed as of the filing of the original Complaint.

3. The parties further stipulate as to the dismissal of Defendants Golden Gate National Senior Care LLC, GGNSC Clinical Services LLC, GPH St. Albans LLC, John Does 1 through 10, and Unidentified Entities 1 through 10, as these Defendants have not been served with process within the time required by Rule 4(m) of the Federal Rules of Civil Procedure.

  4. Defendant Fillmore Capital Partners, LLC, waives the defense of personal jurisdiction and submits itself to the jurisdiction of this Court in this matter only and solely for purposes of allowing the Court to adjudicate the proposed settlement in this matter. Defendant Fillmore Capital Partners, LLC, does not waive personal jurisdiction with respect to any other action or proceeding or for any other purpose.

(Jt. Stip. at 1-2).

  Consistent with the Joint Stipulation, it is ORDERED as follows:

  1. That the First Amended Complaint be, and it hereby is, dismissed without prejudice;

  2. That the complaint upon which removal was based is reinstated as the operative pleading in this action;

  3. That there was, and is, no possibility that plaintiffs would be able to establish a claim against defendant Gibson in state court pursuant to Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999), and that the court is vested with removal jurisdiction as a result;

  4. That the motion to remand and the amended motion to remand be, and they hereby are, denied;

  5. That defendants Golden Gate National Senior Care LLC, GGNSC Clinical Services LLC, GPH St. Albans LLC, John

       Does 1 through 10, and Unidentified Entities 1 through 10, be, and they hereby are, dismissed without prejudice;

6. That the motion to dismiss for lack of personal jurisdiction filed by defendant Fillmore Capital Partners, LLC, be, and it hereby is, denied without prejudice, with the understanding that the entity has waived the defense of personal jurisdiction solely for purposes of allowing the court to adjudicate the proposed settlement herein;

7. That the pending motions found at docket entries 9, 10, 23, 31, and 32 be, and they hereby are, denied without prejudice;

8. That a summary proceeding to consider approval of the proposed settlement and distribution of the proceeds be, and it hereby is, scheduled for December 15, 2010, at 10:00 a.m.;

9. That counsel for plaintiffs be, and they hereby are, directed to file a petition for court approval of the settlement and include therein, <u>inter alia</u>, the settlement amount and the proposed distribution to all potential beneficiaries;

10. That counsel for plaintiffs file with the court and serve upon those potential beneficiaries a brief notice outlining the claims in this action, the nature of the proposed settlement, and the potential beneficiaries' available options, along with a copy of the petition for court approval, a copy of this memorandum opinion and order, a copy of a proposed final order approving settlement (which reflects the settlement amount and the proposed distribution) and, a suitable affidavit of consent to the petition and proposed distribution (should the beneficiary wish to execute and return it without the necessity of further appearance), by certified mail, return receipt requested, no later than November 7, 2010;

11. That counsel be, and they hereby are, directed to submit to the court all necessary documents related to the summary proceeding, including the proposed final order approving settlement, no later than November 5, 2010; and

12. That counsel be, and they hereby are, directed to file a joint report no later than December 10, 2010, reflecting those potential beneficiaries who have been

**served in accordance with paragraph 10 and any affidavits of consent that have been received.**

**The Clerk is directed to forward copies of this order to all counsel of record and any unrepresented parties.**

DATED: October 29, 2010

John T. Copenhaver, Jr.
United States District Judge