```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON
```

PAULINE HALL
individually and as
EXECUTRIX OF THE ESTATE OF
DONALD B. HALL

v.                                          Civil Action No. 2:10-0842

BEVERLY ENTERPRISES - WEST VIRGINIA, INC.
doing business as GOLDEN LIVING CENTER - GLASGOW and
BEVERLY ENTERPRISES, INC. and
FILLMORE CAPITAL PARTNERS, LLC and
BEVERLY HEALTH AND REHABILITATION SERVICES, INC. and
GGNSC HOLDINGS, LLC and

        Defendants

## MEMORANDUM OPINION AND ORDER

Pending is defendants' response to the court's November 9, 2010, order to show cause ("show cause order") and plaintiffs' motion for joinder in defendants' response, both of which were filed November 17, 2010.

The court received the "PETITION TO APPROVE WRONGFUL DEATH SETTLEMENT AND DISTRIBUTION OF PROCEEDS" and the "NOTICE OF SETTLEMENT OF WRONGFUL DEATH CLAIM" filed provisionally under seal on November 5, 2010. The documents were unaccompanied by a motion to seal. In its show cause order, the court noted that sealing of the two documents did not appear to be appropriate

based upon <u>Hill v. Kenworth Truck Company</u>, No. 2:07-0223, 2008 WL 4058426 (S.D. W. Va. Aug. 26, 2008):

> Inasmuch as it appears that the authorities cited in the <u>Hill</u> decision warrant spreading the two provisionally sealed documents on the public record, it is ORDERED that the parties be, and they hereby are, directed to show cause in writing no later than November 17, 2010, why an unsealing order should not issue. Absent such a showing, the court will direct that the two documents be spread on the public record no later than November 19, 2010.

(Ord. at 2).

The court will assume for present purposes that only the common-law right of access is implicated.[1] The common law right affords presumptive access to all judicial records and documents. <u>Nixon v.. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978); <u>Stone v. University of Md. Medical Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common

---

[1]That much is not a foregone conclusion. <u>See</u>, <u>e.g.</u>, <u>Brown v. Advantage Engineering, Inc.</u>, 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties . . . . Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances . . . . the court file must remain accessible to the public.").

Additionally, if sealing were permitted here, a partial closure order would be required for the hearing in this matter inasmuch as counsel would necessarily have to disclose the terms of the settlement on the record. The First Amendment is doubtless implicated in the closure of a traditionally open public courtroom during a critical step in the civil litigation process.

law right may be sealed, however, if competing interests outweigh the public's right of access. <u>Nixon</u>, 435 U.S. at 598-99, 602-03; <u>In re Knight Publishing Co.</u>, 743 F.2d 231, 235 (4th Cir.1984). Quoting <u>Knight</u>, our court of appeals has observed as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

<u>Virginia Dept. of State Police v. Washington Post</u>, 386 F.3d 567, 575 (4th Cir. 2004) (quoting <u>Knight</u>, 743 F.2d at 235).

Defendants offer a number of contentions to avoid unsealing. They assert generally that the common-law right is outweighed "by the parties privacy interest in confidentiality, the governmental interest in quick and efficient resolution of medical malpractice actions, and the parties['] right to freedom of contract." (Mot. at 3). They further assert as follows:

- "Nothing about the allegations in the Complaint make this case of interest to the general public." (<u>Id.</u> at 3).

- "Maintaining the confidentiality of settlements assists the parties in quickly and efficiently resolving these claims, and therefore is favored by the governmental interest in resolving the medical malpractice crisis." (<u>Id.</u> at 4).

- Settlement negotiations are typically conducted confidentially by the parties and West Virginia law permits settlements to remain confidential.

3

- The parties have not voluntarily disclosed the confidential settlement terms but, instead, have been forced to do so by the requirements of West Virginia law.

- West Virginia law does not require that confidential settlement terms be spread upon the public record.

The common-law presumption of public access "can be rebutted if countervailing interests heavily outweigh the public interests in access . . . ." Washington Post, 386 F.3d at 575. Nevertheless, "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." Id.

None of the justifications offered by defendants heavily outweigh the long-settled and important right of public access. It is clear that court approval of the settlement is required:

> [A]ll compromises of wrongful death actions [must] be submitted to the circuit court for approval. Even in instances where the only beneficiaries to such a compromise are adults, the statute requires that such agreements be presented to the circuit court for approval. Although the role of the trial court in those wrongful death cases involving only adult beneficiaries, all of whom have consented to the terms of the settlement agreement, is necessarily limited, the trial court must still ascertain that each potential beneficiary has been included in the agreement and make inquiry regarding the presence [of] any factor that could potentially serve to invalidate the agreement.

**Estate of Postlewait ex rel. Postlewait v. Ohio Valley Medical Center, Inc.**, 214 W. Va. 668, 674, 591 S.E.2d 226, 232 (2003) (citation omitted). It is essentially impossible for the public to judge the approval process in a given wrongful death case, however, if the terms of the settlement, and the compensation of counsel, are not spread upon the public record.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That plaintiffs' motion for joinder in defendants' response be, and it hereby is, granted; and

2. That the "PETITION TO APPROVE WRONGFUL DEATH SETTLEMENT AND DISTRIBUTION OF PROCEEDS" and the "NOTICE OF SETTLEMENT OF WRONGFUL DEATH CLAIM" be, and they hereby are, unsealed and spread upon the public record.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: November 19, 2010

John T. Copenhaver, Jr.
United States District Judge